## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **REGINALD GAUNICHAUX,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:14-CV-104 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF MIDDLETOWN** | : | |
| **Defendant.** | : | **March 23, 2016** |

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 36] AND DENYING PLAINTIFF'S MOTIONS AMEND THE COMPLAINT [Dkt. 35, Dkt. 37]

The Plaintiff, Reginald Gaunichaux, appearing *pro se*, brought this Sec. 1983 action in the Connecticut Superior Court naming the City of Middletown as the sole defendant on December 31, 2013.  Defendant filed a Notice of Removal before this Court on January 28, 2014.  Read liberally, the complaint alleges that police officers employed by the City of Middletown used excessive force during this encounter and denied Plaintiff medical attention in violation of the Eighth Amendment, along with a state law claim for negligence.

Currently pending before the Court are the Defendant's Motion for Summary Judgment and the Plaintiff's two Motions to Amend.  For the reasons that follow, the Defendant's Motions for Summary Judgment is GRANTED and Plaintiff's Motions to Amend are DENIED without prejudice to re-filing.

### I.     Factual Background

Plaintiff's complaint contains few factual allegations and largely states legal conclusions.  However, Plaintiff does allege that on or about January 2, 2013, employees of the Middletown Police Department entered an apartment in which he was a guest and executed a search warrant.  [Compl. ¶ 3].  Plaintiff alleges that "upon entry" he was "immediately assaulted" and beaten "to the point where [he] was unable to walk."  [Id.].  Plaintiff alleges that he asked for medical attention and such attention was denied.  [Id.].

Plaintiff did not serve discovery requests or attempt to depose any witnesses in support of his claims, although Plaintiff himself was deposed on December 23, 2014.  After the close of discovery, Plaintiff filed a Motion to Amend his complaint on June 5, 2015, reciting additional claims he wished to assert – in particular an illegal search and seizure claim as well as a false arrest claim.  [Dkt. 35].  Plaintiff identified police officers Dirga, Puorro, Srivo, Fieman and "several other officers of the Middletown Police Narcotics Division" as the persons who had allegedly violated his civil rights, but Plaintiff failed to allege any additional facts in support of his claims.

Defendant subsequently moved for summary judgment on July 1, 2015 on the grounds that the City cannot be held liable for the Sec. 1983 claims alleged and that further amendment would be futile.  [Dkt. 36].  Defendant included with the summary judgment motion four affidavits from police officers involved in Mr. Gaunichaux's arrest.  [Dkt. 36, Ex. A-D], as well as a "Notice to Pro Se Litigant" required under the Local Rules which informed Mr. Gaunichaux of the need to oppose the motion within 21 days and stating that failure to oppose the motion

may result in the motion being granted by the Court.  [Dkt. 36-10].  Plaintiff failed to file any opposition to the motion; however, Plaintiff did file a second Motion to Amend his complaint on July 17, 2015 seeking to add Officer Del Mauro, one of the affiants to the City's summary judgment motion, as a defendant in the case. [Dkt. 37].  That motion asserted no facts other than to say that the identity of the officer had recently been disclosed.

## II.   Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of proving that no factual issues exist.  *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir. 2010).  "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)).  "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied."  *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

"A party opposing summary judgment cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.  At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient."  *Welch–Rubin v. Sandals Corp.,* No.3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted); *Martinez v. State of Connecticut*, No. 3:09cv1341 (VLB), 2011 WL 4396704 at *6 (D. Conn. Sept. 21, 2011).  Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie.  *Fincher v. Depository Trust and Clearance Co.*, 604 F.3d 712 (2d Cir. 2010).

III.   <u>Discussion</u>

a. <u>Summary Judgment</u>

In order for a municipality to be held liable under § 1983, a plaintiff must show that the "municipality violated a federal right through (1) municipal policy, (2) municipal custom or practice, or (3) the decision of a municipal policymaker with final policymaking authority." *Zherka v. DiFiore*, 412 Fed.Appx. 345, 348 (2d Cir. 2011) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  It is not sufficient to allege conduct attributable to the municipality, the plaintiff must demonstrate that, "through its deliberate conduct,

**4**

the municipality was the 'moving force' behind the injury alleged."  *Id.* (*citing Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)) (internal quotations omitted) (emphasis in original).

The Court affords "special solicitude" towards pro se litigants and interprets the complaint "to raise the strongest claims that it suggests."  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).  However, Plaintiff here does not allege facts from which the Court can infer that the existence of a policy, custom, practice or decision by a final policymaker caused the officers' conduct or that the deliberate conduct of the municipality itself was the moving force behind the injury alleged.  *See, e.g.*, *Miron v. Town of Stratford*, 881 F. Supp. 2d 280, 284-85 (D. Conn. 2012).  Absent such allegations of fact, Defendant cannot be held liable under Sec. 1983.

Plaintiff's state law claim for negligence against the City also fails as a matter of law.  Connecticut General Statutes § 52-557n(a)(2)(B) shields a municipality from liability for damages to person or property caused by the "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."  *Doe v. Petersen*, 279 Conn. 607, 614 (2006).  The manner in which a police officer makes an arrest falls within the framework of the day-to-day discretion exercised by police officers.  *Galindez v. Miller*, 285 F.Supp.2d 190, 195 (D. Conn. 2003).

Defendant's Motion for Summary Judgment is GRANTED.

b.  <u>Plaintiff's Motions to Amend</u>

"A *pro se* complaint should not be dismissed without the [c]ourt's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks omitted).   Although in this case Plaintiff waited to seek amendment to his Complaint until after discovery had closed, Rule 15 allows for amendment during trial and provides that "[t]he court should freely" grant leave to amend "when justice so requires." Fed.R.Civ.P. 15(a)(2); *Prescription Plan Service Corp. v. Franco*, 552 F.2d 493, 498 (2d Cir.1997).  Moreover, a decision to grant or deny a motion to amend is within the sound discretion of the trial court.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules."  *Rachman Bag Co. v. Liberty Mutual Insurance*, 46 F.3d 230, 235 (2nd Cir.1995) (*quoting Foman*, 371 U.S. at 182).  Leave may be denied if the amendment "(1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." *Lee v. Regal Cruises, Ltd.*, 916 F.Supp. 300, 303 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 465 (2d Cir. 1997) (*citing Foman*, 371 U.S. at 182).  However, delay alone, unaccompanied by such an "apparent reason" does not usually warrant denial of leave to amend.  *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of prejudice or bad

6

faith.  *Independence Ins. Service Corp. v. Hartford Financial Servs. Group*, No.Civ.A.304CV1512 (JCH), 2005 WL 1038991, at *4 (D. Conn. May 3, 2005).

In determining whether to grant leave to amend a complaint, the Court must consider whether the amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment would significantly delay the resolution of the dispute. *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.1993).  It must also consider whether amendment would prejudice the defendant.  *H.L. Hayden Co. v. Siemens Medical Systems*, 112 F.R.D. 417, 419 (S.D.N.Y.1986). "The longer the period of unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice."  *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir.1983).

Plaintiff's first Motion to Amend [Dkt. 35] seeks to add additional Sec. 1983 claims against the City of Middletown, but does not allege any facts from which the Court could infer a viable claim against the municipality under *Monell*.  As such, the first proposed amended complaint would be futile.  The same cannot be said of Plaintiff's second proposed amendment, which seeks to add Officer Del Mauro as a defendant.  Plaintiff could maintain a viable Sec. 1983 excessive force claim against the individual police officer(s) involved in the arrest if the plaintiff alleged facts indicating that any specific officer named as a defendant used force that could have been excessive given the circumstances.

In opposing Plaintiff's second motion to amend, Defendant argues that the amendment would prejudice the City by causing it to expend "more resources to conduct additional discovery, file a new motion for summary judgment, and prepare for trial; and the amendment would cause a significant delay in the resolution of the dispute." [Dkt. 38]. It is true that "[a] proposed amendment ... [is] especially prejudicial ... [when] discovery had already been completed and [the non-movant] had already filed a motion for summary judgment." *Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (*quoting Ansam Associates v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

However, such concerns "may be alleviated" where, as here, the new claim arises from a similar set of operative facts and a similar time as the existing claims. *Bleiler v. Cristwood Contracting Co., Inc.*, 868 F. Supp. 461, 463 (D. Conn. 1994), *aff'd in part and rev'd in part on other grounds*, 72 F.3d 13 (2d Cir. 1995). Because defendant has been on notice since the filing of Mr. Gaunichaux's lawsuit of the date, time and location of the arrest that forms the basis of plaintiff's claims, such notice "of the underlying facts relied upon in the new claim or cause of action weighs against a finding of prejudice to the nonmoving party." *Roller Bearing Co. of American, Inc.*, 570 F.Supp.2d at 385. This is particularly true where, as here, the defendant disclosed to the plaintiff the identity of the party added shortly before the plaintiff sought to amend his complaint.

The Court is not concerned that the addition of an individual officer as a defendant would cause significant delay in this litigation, particularly given the

fact that the officer named was an affiant to the City's Motion for Summary Judgment and given that Plaintiff has thus far declined to request any discovery. Moreover, the City has already substantively briefed the viability of each of plaintiff's claims in support of its Motion and has argued reasons for which each claim fails as a matter of law even if such claims had been properly brought against individual defendants.  Finally, the Court is mindful that Mr. Gaunichaux is appearing *pro se*, and while he is obliged to familiarize himself with the rules and procedures of this Court, if the defendant had simply raised the *Monell* issue on a Motion to Dismiss the Court could have granted Plaintiff leave to amend at an earlier stage of this litigation and avoided any prejudicial delay.

The Court denies Plaintiff's Motions to Amend [Dkt. 35, Dkt. 37] without prejudice to re-filing a new Motion to Amend within fourteen days of the date of this Order.  If the Plaintiff chooses to file a new Motion to Amend, he must state facts – not legal conclusions – from which this Court can infer a plausible claim of excessive force against any individual defendant.

IV.   <u>Conclusion</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motions to Amend are DENIED, without prejudice to refilling within 14 days of the date of this Order.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant

9

**United States District Judge**

**Dated at Hartford, Connecticut: March 23, 2016**